## FEDERAL INS. CO. v. UNITED STATES.

District Court, S. D. New York.

Jan. 28, 1932.

Bailey & Muller, of New York City (William H. Woolley, of New York City, of counsel), for libelant.

George Z. Medalie, U. S. Atty., of New York City (Anthony M. Menkel, of Brooklyn, N. Y., of counsel), for the United States.

FRANK J. COLEMAN, J.

The questions presented are whether the ocean carrier is responsible for damage to a passenger's baggage before it was put on the boat and, if so, whether the limitation of liability stipulated in the passenger's ticket should be applied. On September 22, 1927, Mrs. Isac Koch purchased at Paris a ticket for passage on the respondent's steamer George Washington scheduled to leave Cherbourg on September 29th. At the same time she gave to the respondent a "baggage order" for the collection of her trunks in Paris and for their delivery on board the George Washington. When one of them was delivered to her cabin, it was found to have been wet and the damage resulting therefrom is stipulated in the sum of $1,100. Mrs. Koch had insured the baggage with the libelant, and the latter having paid the amount of the damage was subrogated to the passenger's claim against the respondent.

It does not definitely appear where the wetting took place, but it may be inferred that it occurred while the trunk was on the tender at Cherbourg or while it was being carried from the train to the tender. There was a delay of three hours before the tender cast off and within that time there was a hard rain which wet everything exposed to it. It is also proper to infer that the wetting occurred through negligence because no reason is advanced why the trunk was not protected from the rain. There is no evidence as to who owned and operated the tender, nor as to who unloaded the trunk from the train to the tender.

The "baggage order" made no mention of the tender, but did fix the charges for the

transportation from the hotel in Paris to the railroad and on the railroad to Cherbourg. Both these stages are mentioned as to be performed by outside parties, the first by an unnamed transfer company and the second by a railroad company. The amount paid by Mrs. Koch for the transportation of the trunk from her hotel to the vessel apparently covered only the transfer charges in Paris and the railway charges. The tender service was apparently furnished under the contract for ocean passage as embodied in the ticket which read, in part: "All responsibility of the ship owner, agent or passage broker hereunder shall be limited to that period only while the passenger and his baggage are on board the trans-Atlantic ocean steamship. All other transportation hereunder including transportation of tender to or from the ocean steamship is included for the passenger's convenience and will be at the passenger's risk subject to the ordinary conditions of carriage and each railway or transportation company or ship owner employed for the purpose or to any special conditions required by them." The ticket contained also provisions that the passenger's luggage would be deemed to be of the value of no more than £20 unless the value in excess of that sum be declared and paid for.

From the present record it must be inferred that the trunk was delivered into the custody and control of the respondent in Paris. While it may be that the transfer company in Paris and the railroad company from Paris to Cherbourg had actual possession under contracts with the respondent, there is nothing to indicate that while the trunk was on the tender or was being carried from the train to the tender, any one other than the respondent had possession of it or had the duty of protecting it from rain. The negligence involved in the wetting is therefore attributable to the respondent alone.

The clause in the ticket purporting to relieve the respondent from responsibility for damage occurring before the trunk was placed on the steamer cannot properly be construed as exempting the respondent from liability due to its own negligence, and I, therefore, believe that respondent should be held liable. The limitation, however, which is provided in the ticket, I think, is applicable. The passenger agreed that the value was £20, though she might have declared a higher valuation upon payment of 1% of the excess as an additional charge. Under the wording of this ticket no distinction can be made between baggage delivered to the passenger's stateroom and baggage kept in the hold, unlike the case of Holmes v. North German Lloyd, 184 N. Y. 280, 77 N. E. 21, 5 L. R. A. (N. S.) 650, upon which libelant relies.

Accordingly, final decree is directed for the libelant in the sum of $100 under the stipulation.